United States District Court
Southern District of Texas
**ENTERED**
March 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JONATHAN RICARDO ALVAREZ-MARTINEZ | § § § § § § § | |
| | | CIVIL ACTION NO. M-13-249 |
| VS. | | CRIM. ACTION NO. M-12-75-5 |
| UNITED STATES OF AMERICA | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Movant Jonathan Ricardo Alvarez Martinez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, which had been referred to the Magistrate Court for a report and recommendation. On February 29, 2016, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's motion to dismiss be granted, that Movant's § 2255 motion to vacate be denied, that Movant be denied a certificate of appealability, and that this action be dismissed. The time for filing objections has passed and no objections have been filed.

Pursuant to Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report and Recommendation for clear error.[1] Finding no clear error, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that Respondent's Motion to Dismiss is **GRANTED**, that Movant's § 2255 Motion to Vacate is **DENIED**, that Movant is denied a certificate of appealability, and that this action is **DISMISSED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of March, 2016.

Micaela Alvarez
United States District Judge

---

[1] As noted by the Fifth Circuit, "[t]he advisory committee's note to Rule 72(b) states that, '[w]hen no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Douglas v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1420 (5th Cir. 1996) (quoting FED. R. CIV. P. 72(b) advisory committee's note (1983)) *superceded by statute on other grounds by* 28 U.S.C. § 636(b)(1), *as stated in* ACS Recovery Servs., Inc. v. Griffin, No. 11-40446, 2012 WL 1071216, at *7 n.5 (5th Cir. Apr. 2, 2012).